IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AUTO-OWNERS INSURANCE COMPANY,

    Plaintiff,

vs.

OSBORN HOMES, INC., a/k/a OSBORN PROPERTIES, et al.,

    Defendants.

Case No. 14-cv-1308-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Meridian Oaks Homeowners Association's (the "Association") Motion to Dismiss (Doc. 10). The Association asserts that the matter in controversy is not ripe for adjudication and therefore dismissal for lack of subject matter jurisdiction is warranted pursuant to F.R.C.P. 12 (b)(1). Defendants Osborn Homes ("OHI") and Meridian Manors Development, LLC ("Meridian Manors") each filed separate motions to dismiss (Docs. 11and12) and, in addition to asserting their own arguments, joined in the Association's motion. Plaintiff filed one response to all three motions (Doc. 23). Accordingly, the Court will address all three motions collectively.

Plaintiff issued a commercial general liability insurance policy to the Association with effective dates from April 1, 2014 to April 1, 2015 (see Doc. 2-1). The Defendants in this action were each named as defendants in an action for damages filed in the Circuit Court of Madison County, Illinois on June 20, 2014 (hereinafter, the "underlying litigation"). The relevant allegations in the underlying litigation are that the Defendants damaged certain property during excavation and construction activities related to the development of a residential subdivision in Madison County, Illinois (see Doc. 10-1, p.3).

The Association submitted a request to Plaintiff for defense in the underlying litigation. Plaintiff responded with a letter informing the Association of possible coverage questions and a reservation of rights (Doc. 23-1). In particular, Plaintiff raised several exclusions in the policy which, if applicable, would lead to a denial of coverage. Plaintiff also notified the Association that, while it was currently defending the Association in the underlying litigation, it was "asking a court to declare that your policy does not afford coverage… and therefore, [Plaintiff] has no duty to defend you in [the underlying litigation]" (Doc. 23-1, p.3). Plaintiff's Complaint in the instant action requests, pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201), a declaration that the policy issued by Plaintiff does not provide coverage for the damages claimed in the underlying litigation.

In its Motion to Dismiss, the Association asserts that this matter is not ripe for adjudication. Specifically, the Association argues that resolving Plaintiff's claimed exclusions would require findings of fact that could bind parties in the underlying litigation. Additionally, the Association argues that indemnification can be resolved at a later date and claims that Plaintiff's Complaint does not clearly seek a declaration on the Plaintiff's duty to defend. As an alternative to dismissal, the Association seeks a stay of proceedings while the underlying litigation is ongoing. Both co-defendants filed similar motions and joined in the Association's motion.

Under the Declaratory Judgment Act, a District Court has authority to decide an action seeking declaratory judgment, but should not grant declaratory relief unless there is an actual controversy between parties. *Maryland Casualty Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273 (1941). Whether an actual controversy exists depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007).

A request to construe the language of a contract to apprise the parties of their legal rights falls within the scope of the Declaratory Judgment Act. See *Lyons Sav. & Loan Ass'n v. Geode Co.*, 641 F.Supp. 1313, 1319 (N.D.Ill.1986). A plaintiff uncertain of his contractual rights may seek declaratory relief before exercising those rights. See *Certified Grocers Midwest, Inc. v. New York Ins. Co*., 702 F.Supp. 1384, 1388 (N.D.Ill.1992).

Illinois courts have held that a determination of an insurer's duty to indemnify is premature where liability in underlying litigation has not been decided. *Crum and Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 397-398 (1993) (citations omitted). However, this principle "is only operative in cases where the court has determined that the insurer's duty to defend its insured has arisen." *Id*. In other words, where a court has found a duty to defend, the determination of indemnification must wait for resolution of the underlying litigation. Here, Plaintiff has not asked this Court for such a determination. Instead, Plaintiff's prayer for relief seeks a declaration that "… policy number 142304-07109245-14 does not provide *coverage* for the damages claimed…." Doc. 2, p.5 (emphasis added).

Contrary to the Association's assertions, Plaintiff's Complaint does request, by implication, a declaration as to whether it has a duty to defend. As Plaintiff stated in its response to the Association's motion, it "is seeking a determination that it does not have a duty to defend the Association in the underlying litigation." (Doc. 23, p.3.)  The matter in controversy before the Court is *coverage*, which at this point relates solely to the duty to defend and not a duty to indemnify. It is ripe for adjudication.

3

As to Defendant's argument that the present action is premature because a determination as to coverage could require determinations of fact that could bind the parties in the underlying litigation, the Court is not required to dismiss or stay where "the insurer's duty to defend… 'can be evaluated without any excursion into factfinding that would interfere with the … underlying state court suit.'" *Cincinnati Ins. Co. v. Silvestri Paving Co.*, No. 10 C 07971, 2011 WL 4686437, at *4 (N.D. Ill. Oct. 4, 2011), quoting *Nationwide Ins. v. Zavalisi,* 52 F.3 689 (7th Cir. 1995). Here, the underlying state litigation is a nuisance action. The instant matter concerns contract interpretation and applicability. The question presented to this Court is not a parallel action and is sufficiently independent from the issues in the state proceedings, which the Seventh Circuit has found justifies a denial of a stay or dismissal. See *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 372 (7th Cir. 2010). For these reasons, Defendants' Motions to Dismiss for lack of subject matter jurisdiction are **DENIED**.

**IT IS SO ORDERED.**

**DATE: August 28, 2015**                                             s/  *Staci M. Yandle*
                                                                                     **STACI M. YANDLE**
                                                                                     **DISTRICT JUDGE**